JOSEPH W. FOSTER *vs.* SEBAGO IMPROVEMENT COMPANY.

Cumberland.    Opinion April 25, 1905.

*Flowage.    Mill and Mill Dam.    Prescriptive Right to flow Land.    "Mill Act,"*
*Private and Spec. Laws, 1893, c. 481, § 4.    R. S., c. 94.*

It is the settled law in this state that in order to acquire a prescriptive right to flow land by means of a mill dam without the payment of damages, it must appear that the land was flowed for twenty consecutive years, and that some appreciable damage to it was thereby occasioned.

While the owner of the land sustains no damage and can therefore maintain no suit or process, or in any way prevent such flowing, he cannot be presumed to have granted or relinquished any of his legal rights.

At common law the foundation of a prescriptive right to an easement in another man's land is the adverse and uninterrupted enjoyment of it for a period of twenty years under a claim of right without payment of damages and without consent of the owner. But the overflowing of another's land, by the owner of a mill, to work it, by means of a dam, the mill and dam standing upon his own land, being secured by the provision of the Mill Act, his common law remedy for damages, when sustained, is taken away, and he can recover against the owner of the mill, only in the mode and in the cases provided for by the Mill Act.

If the owner of the land flowed has not been injured by the flowing, he cannot maintain an action under the Mill Act, against the owner of the mill for flowing his land; and having no power to prevent the flowing in such case, no prescriptive right to flow the lands without the payment of damages can be acquired against him. But if the owner of the land flowed, has a right to maintain a complaint against the owner of the mill for such flowing, the latter may acquire a prescriptive right to flow the land without payment of damages.

In the case at bar, it only appears that the plaintiff's land was continuously flowed by the dam for twenty years prior to the date of the writ. It does not appear that there was any actual damage to the land the first three years of that time. It does not appear that the flowage during those three years was adverse, under a claim of right, without payment of damages or without consent of the owner. For aught that appears, the flowage during those three years may have been with the permission of the land owner. *Held:* that the case fails to disclose any foundation for a prescriptive right to flow the plaintiff's land during that period.

On exceptions by defendant.    Overruled.

Complaint for flowage brought under the provisions of section 4 of chapter 481 of the private and special laws of 1893, entitled "An Act to Incorporate the Sebago Improvement Company," to recover damages sustained by the plaintiff by the alleged flowing of his land by means of the defendant's dam. The defendant claimed a prescriptive right to flow the plaintiff's land without compensation.

At the trial the following question was submitted to the jury. "At the date of the complaint, had the respondent a prescriptive right to flow the land of the complainant to the same extent it was flowed at the date of the complaint?" To this question the jury returned an answer in the negative.

The defendant took exceptions to certain instructions given to the jury by the presiding justice and also took exceptions to the refusal of the presiding justice to give certain requested instructions.

The material facts sufficiently appear in the opinion.

*Llewellyn Barton and Foster & Hersey,* for plaintiff.

*Bird & Bradley,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WHITEHOUSE, J.    This is a complaint for flowage founded on the provisions of chapter 481 of the private laws of 1893, entitled "An Act to Incorporate the Sebago Improvement Company."

By section 3 of that act the defendant corporation is authorized to construct dams, canals, locks, breakwaters and piers and to make such other improvements as may be necessary and proper to facilitate navigation in Songo River; and the last clause in section 4 of the act is as follows: "for any damages by flowage, said corporation shall make reasonable compensation to the parties injured, to be ascertained in the same manner as now provided by law in the case of flowing lands by erection of dams and mills.

It is alleged in the complaint that for three years prior to its date the defendant corporation owned and maintained a dam including a lock on land of its own at a place called Songo Lock in the town of Naples, which flowed the water back upon the plaintiff's land and caused damage to the amount of $350.00 per year.

In defense, the defendant claimed a prescriptive right to flow the plaintiff's land without compensation.

"At the trial evidence was introduced by defendant tending to show that the plaintiff's land had been each year continuously flowed by means of defendant's dam for more than twenty years prior to the date of the writ; but no evidence of actual damage to the land arising from such flowage (other than such as might be inferred by the jury from the fact of flowage if any) prior to seventeen years before the date of the writ was introduced."

At the trial the presiding justice at the request of the defendant instructed the jury "that the last paragraph of section 4 of chapter 481 of the Private Laws of 1893 neither changes nor modifies the common law right of the defendant so far as relates to the facts essential to the acquisition by it of the right of flowage by prescription." The defendant further requested the following instruction to be given the jury, viz: "that it is unnecessary for the defendant in order to obtain a prescriptive right of flowage, to show actual damage to land of the plaintiff as required by the Mill Act." This instruction the presiding Justice refused to give; but charged the jury as follows:

"This plaintiff would have no right of action against the defendant, unless there had been some damage occasioned to him by the flowing of the water upon his land. So it is important for you to determine whether, as a matter of fact, any appreciable injury from the overflow of the land, occasioned by this dam, was sustained by him for a period of twenty years. This adverse possession which entitles a person to a right in the lands of another, must continue for that period of time, and if it is in reference to the flowage of land, the land must be overflowed continuously during this period of time, in each year, to such an extent as to cause some appreciable injury. If that was not the case, if it did not continue during that period of time, in each year of this period, and did not occasion some injury, the defendant would not acquire a prescriptive right which would enable him to flow the land of another, without compensation, because it was not to that degree which would authorize the plaintiff to institute proceedings against him for damages."

The case comes to this court on exceptions to this instruction and to the refusal to give the instruction requested. The charge of the presiding judge is made a part of the bill of exceptions but the case is not accompanied by any statement of facts other than that above given.

The law recognizes a clear distinction between the facts essential to acquire a prescriptive right to flow land under the Mill Act, and those required to establish such right at common law. The reasons for this distinction are thus stated by the court in *Underwood* v. *North Wayne Scythe Co.*, 41 Maine, 291. "At common law, an easement may be acquired upon the land of another, without proof that the owner has sustained damage. For the least appropriation of the land, without the consent of the owner, is an invasion of his rights, and an action can be maintained for such invasion. But the overflowing of another's land, by the owner of a mill, to work it, by means of a dam, the mill and dam standing upon his own land, being secured by the provision referred to, his common law remedy for damages, when sustained, is taken away; and he can recover against the owner of the mill, only in the mode, and in the cases provided for by the statute.

If the owner of the land flowed has not been injured by the flowing, he cannot maintain the action under the statute, against the owner of the mill for flowing his land; and having no power to prevent the flowing in such case, no prescriptive right to flow the lands without the payment of damages can be acquired against him. But if the owner of the land flowed, has a right to maintain a complaint against the owner of the mill for such flowing, the latter may acquire a prescriptive right to flow the land, without the payment of damages. It follows, that to maintain this prescriptive right to flow, it must be shown, that the flowing for the twenty years, and upwards, has caused damages to the owner of the land.

As a basis of a complaint for the recovery of damages for the flowing of lands by means of a dam and mills thereon, damages must have been sustained by the owner of the land."

Thus it has become settled law in this state that in order to acquire a prescriptive right to flow land by means of a mill dam

without the payment of damages, it must appear that the land was flowed for twenty consecutive years, and that some appreciable damage to it was thereby occasioned. *Augusta* v. *Moulton,* 75 Maine, 284. While the owner of the land sustains no damage and can therefore maintain no suit or process, or in any way prevent such flowing he cannot be presumed to have granted or relinquished any of his legal rights. At common law the foundation of a prescriptive right to an easement in another man's land is the adverse and uninterrupted enjoyment of it for a period of twenty years under a claim of right without the payment of damages and without the consent of the owner. *Nelson* v. *Butterfield,* 21 Maine, 235.

It is contended by the defendant in support of the exceptions that the legislative act of 1893, upon which this complaint is based, does not have the effect to modify the common law rule respecting the facts essential to establish a prescriptive right to flow lands and that it is unnecessary for the defendant to prove actual damage to the plaintiff's land in order to acquire such right.

On the other hand, the plaintiff contends that the private act in question conferred upon the defendant company rights, privileges and liabilities precisely equivalent to those created by the general mill act, and consequently that a prescriptive right to flow could not be acquired by the defendant without proof that appreciable damage to the land was occasioned by the flowing for a period of twenty years.

The defendant corporation had acquired no statutory right to construct or maintain the dam in question prior to the date of the charter granted to it by the act of 1893, and there is no evidence in the case to show that its predecessors in the ownership of the dam were ever authorized by law to maintain it, or that they ever, in any way, acquired the rights conferred by the Mill Act. It is suggested that the character of the occupancy prior to 1893, must have been such that if it had been continued for twenty years the defendant's predecessors in title would have acquired a prescriptive right at common law to flow the plaintiff's land without proof that appreciable damage to it was thereby occasioned. It is accordingly contended that inasmuch as the "evidence tended to show that the plaintiff's land had

been each year continuously flowed by means of the defendant's dam for more than twenty years," the period of occupancy by the defendant's predecessors, with their common law rights respecting prescription, should be counted with that of the defendant corporation, holding by privity of estate, with all the rights of the owner of a mill dam, in order to make up the period of twenty consecutive years required to establish a prescriptive right. It is contended that as the instructions of the presiding judge required the defendant to prove actual damage throughout the entire period of twenty years as a basis for the acquisition of a prescriptive right to flow, making no distinction between the period of the defendant's ownership and that of its predecessors, the defendant corporation was altogether deprived of the benefit of such prior occupancy, and that the instructions complained of, if correct as to the period of the defendant's ownership, must be erroneous as to the period of occupancy by its predecessors.

But assuming that this contention is correct and that it was not necessary for the defendant, in order to establish a right to flow by prescription, to show that any actual damage to the land was occasioned by the flowage during that portion of the twenty years prior to 1893, and hence that the instruction complained of was erroneous as applied to that portion of time, still, the error cannot be deemed exceptionable for the reason that it does not affirmatively appear from the statement of facts that the defendant is aggrieved by the ruling. It only appears that the plaintiff's land was continuously flowed by the dam for twenty years prior to the date of the writ. It does not appear that there was any actual damage to the land during the first three years of that time. It does not appear that the flowage during those three years was adverse, under a claim of right, without the payment of damages or without the consent of the land owner. For aught that appears in this case the flowage during those three years may have been by permission of the land owner. The case fails to disclose any foundation for a prescriptive right to flow the plaintiff's land during that period. The entry must therefore be

*Exceptions overruled.*